TAYLOR MILLS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9570)

Submitted February 15, 1944. Decided March 24, 1944.

*Goodykoontz & Slaven,* for appellant.
*Hillis Townsend,* for appellees.

FOX, JUDGE:

The claimant suffered an injury to his left thumb, which resulted in its amputation at a point above the distal joint, and taking something near one-fifth of the upper or proximal phalange. Some use of the thumb remains, and it is estimated that claimant has suffered a seventy-five per cent loss of its usage. The Compensation Commissioner and the Compensation Appeal Board found a twenty per cent disability, the amount fixed by the statute for the loss of a thumb. The employer contends that the percentage of disability should not have been fixed above

fifteen per cent, and prosecutes this appeal on that theory. The sole question presented is what should be the disability rating of the claimant.

Code, 23-4-6 (d), provides:

"The loss of thumb (one phalange) shall be considered a twelve per cent disability,

"The loss of thumb shall be considered a twenty per cent disability."

Subsection (f) of Section 6 provides:

"The award for permanent disabilities intermediate to those fixed by the foregoing schedule and permanent disability of from two per cent to eighty-five per cent shall be in the same proportion and shall be computed and allowed by the commissioner;".

The employer contends that the injury sustained by the claimant was "intermediate" between the loss of one phalange and that of his entire thumb; while the position of the claimant is that the statute fails to provide for any gradation or distinction between the partial or complete loss of a thumb, citing in support of his position, *Reed* v. *Compensation Commissioner*, 112 W. Va. 524, 166 S. E. 282, and *Pugh* v. *Compensation Commissioner*, 113 W. Va. 84, 166 S. E. 817. One of the cases cited above deals with the amputation of a thigh and the other a leg.

Code, 23-4-6 (d), provides:

"The loss of leg shall be considered a forty-five per cent disability,

"The loss of thigh shall be considered a fifty per cent disability,

"The loss of thigh at hip joint shall be considered a sixty per cent disability,".

In the *Reed* case there was an amputation of a thigh, four inches above the knee, on which the claimant had

been rated on a forty-five per cent disability basis. When he objected thereto, and asked for fifty per cent disability rating, he was met with a then existing department rule, that, unless the amputation had been made in the middle third of the thigh, no disability rating beyond the forty-five per cent provided for the loss of a leg could be allowed. This Court reversed the Compensation Commissioner and held: "Under Chapter 23, Article 4, Section 6, (subsection [d]), a workman who has lost his thigh by amputation four inches above the knee, because of an injury received in the course of and resulting from his employment, is entitled to a fifty per centum disability." In the *Pugh* case, the amputation was about five and one-half inches above the ankle, and the Compensation Commissioner fixed the disability at forty per cent. The Commissioner's finding was reversed and claimant's disability was fixed at forty-five per cent, the same provided by statute for the loss of leg, the Court basing its decision on the *Reed* case mentioned above. These holdings are based on the proposition, laid down in the *Reed* case, that "No distinction is made between the loss of the whole thigh below the hip joint, and the loss of the part of the thigh below the hip joint.", and not on any theory of comparative loss of use of the member affected. The statutory provision as to "intermediate" disabilities, Code, 23-4-6 (f), does not seem to have been considered as applying to the situations presented in the *Reed* and *Pugh* cases; and not being there applied, we are not disposed to depart from the principle necessarily adopted in those cases and apply the provision to the case at bar. Reasoning by analogy, we think the Compensation Appeal Board was correct in applying to the case at bar the rule followed in the *Reed* and *Pugh* cases, and, therefore, its order is affirmed.

*Affirmed.*